# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

IVAN BOYD,

        Plaintiff,

  v.                                 Case No. 18-C-1006

MILWAUKEE COUNTY JAIL EMPLOYEES,
MILWAUKEE COUNTY SHERIFF, NURSE
GONZALEZ, NURSE KEVIN, NURSE ABER,
and ARMOR CORRECTIONAL HEALTH
SERVICES,

        Defendants.

## ORDER

    Plaintiff Ivan Boyd, who is representing himself, filed a civil rights complaint under 42 U.S.C. §1983 and a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. §1915. The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was incarcerated when he filed his complaint. This case was originally assigned to U.S. Magistrate Judge William Duffin; however, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly reassigned to a U.S. District Court judge for screening of the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

    The PLRA gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On July 10, 2018,

Judge Duffin ordered plaintiff to pay an initial partial filing fee of $15.95. After Judge Duffin granted plaintiff's motion to pay it out of his release account, plaintiff paid the initial partial filing fee on August 6, 2018. The court will grant plaintiff's motion to proceed without prepayment of the filing fee. ECF No. 2. He must pay the remainder of the fee over time in the manner explained at the end of this decision.

### SCREENING OF THE COMPLAINT

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a pro se plaintiff's allegations,

2

"however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### ALLEGATIONS IN THE COMPLAINT

Plaintiff's complaint alleges that on October 27, 2017, while confined at the Wisconsin Secure Detention Facility (WSPF), he suffered a head injury that required him to be taken to the emergency room. As a result of the injury, he was prescribed amitriptyline and cyclobenzaprine, a muscle relaxant. Per the doctor's orders, plaintiff was to receive one dose of amitriptyline at bedtime and one dose of cyclobenzaprine up to three times a day on an as-needed basis.

Almost three months later, on January 17, 2018, plaintiff was picked up from WSPF and taken to the Milwaukee County Jail in order to attend a hearing as a material witness. Plaintiff alleges that he received both his amitriptyline and cyclobenzaprine his first night at the jail. He alleges that he also received his proper doses of medication the following day, January 18, 2018. However, plaintiff alleges that on January 19, 2018 he did not receive his evening dose of cyclobenzaprine during the medication pass at approximately 9:15 p.m. Plaintiff alleges that he explained to Nurse Gonzalez—the nurse conducting the medication pass—that he was in pain and needed both his amitriptyline and cyclobenzaprine and that he had already received it twice at bedtime and that it should be on the cart. Nurse Gonzalez allegedly told plaintiff that there was no cyclobenzaprine and that she did not think he was supposed to get it at bedtime but that she would check. Plaintiff alleges that she left but never came back, resulting in him experiencing throbbing pain behind his eyes and tossing and turning all night.

Plaintiff alleges that the next night, January 20, 2018, he again did not receive his bedtime dose of cyclobenzaprine. He alleges that nurse Gonzalez provided him with his amitriptyline and

3

when plaintiff explained that his head was pounding and his vision was blurry, she again told him that she did not think he was supposed to receive cyclobenzaprine at bedtime. Plaintiff alleges that he "decided to just lay down in hopes that his head pain would subside." ECF No. 1 at 3. According to his complaint, he again experienced throbbing pain behind his eyes.

The next morning, January 21, 2018, at approximately 9:30 a.m., plaintiff allegedly approached the nurse on duty, Nurse Kevin, and informed him that he needed both his blood pressure medication and his morning dose of cyclobenzaprine. Plaintiff alleges that Nurse Kevin gave plaintiff his blood pressure medication but told plaintiff that the information in the computer indicated that plaintiff was supposed to receive a.m. and p.m. doses of cyclobenzaprine but that there was none on the medicine cart. According to plaintiff, he "hotly explained" that he had "had enough of not receiving his medication." *Id.* Plaintiff alleges that he told Nurse Kevin that he would speak with a lieutenant and would be filing grievances. He further alleges that though Nurse Kevin would not provide him with his last name, he did tell plaintiff he would go and check the med cart and return with plaintiff's dose of cyclobenzaprine. Plaintiff alleges that Nurse Kevin did return about four hours later, but he brought omeprazole, which plaintiff takes for his heartburn, not cyclobenzaprine.

Plaintiff alleges that later the same day during the p.m. medication pass, Nurse Gonzalez again failed to provide plaintiff with his cyclobenzaprine. Plaintiff states he "lacked the energy to further argue and debate," so he told Nurse Gonzalez that his only remaining option was to file a grievance. *Id.* at 3-4. Plaintiff alleges that the next day, January 22, 2018, during the evening medication pass, Nurse Aber provided plaintiff with his amitriptyline but did not have his cyclobenzaprine on her cart and told him she would return with a dose. She never did return. As a

4

result of not receiving his cyclobenzaprine, plaintiff alleges that suffered from extreme head pain and tossed and turned throughout the night. Plaintiff also alleges that he received both his a.m. and p.m. doses of cyclobenzaprine the next day, January 23, 2018. He was returned to WSPF on January 24, 2018.

In sum, Plaintiff alleges that over a four-day span, while housed in the Milwaukee County Jail from January 19 through January 22, the jail medical staff failed to give him five of the eight doses of the muscle relaxant he was supposed to receive over that period of time. Two of the nurses, Nurse Kevin and Nurse Aber, are alleged to have failed to provide Plaintiff his prescribed cyclobenzaprine on one occasion each, and Nurse Gonzalez failed on the other three occasions. Plaintiff seeks declaratory relief, injunctive relief, as well compensatory and punitive damages against Nurse Gonzalez, Nurse Kevin, and Nurse Aber.

## THE COURT'S ANALYSIS

To state a claim of deliberate indifference to a serious medical need, a plaintiff must allege that: (1) he suffered from an objectively serious medical condition; and (2) the defendants were deliberately indifferent to a risk of serious harm from that condition. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). While the Eighth Amendment does not entitle prisoners to "demand specific care" or "the best care possible," it does entitle them to "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). With this standard in mind, the court finds, at least for screening purposes, that plaintiff's allegations are sufficient to state an Eighth Amendment claim as to Nurse Gonzalez, Nurse Kevin and Nurse Aber.

It may seem unlikely that the failure to provide Plaintiff the full dosage of muscle relaxant that had been prescribed for a three-month-old injury over a brief period of time amounts to the cruel

5

and unusual punishment proscribed by the Eighth Amendment. *Cf. Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015) (holding that two-day delay in providing pain medication to pretrial detainee after he was booked into county jail was not enough, standing alone, to show a culpable mental state on the part of jail staff, as would be required for liability under § 1983 for due process violation based on deliberate indifference to serious medical needs). Plaintiff nevertheless alleges that he was in severe pain as a result of not receiving his prescribed medication and that he made the defendant Nurses aware of his pain and his need for the prescribed medication. Each of the defendant Nurses is alleged to have promised to look into the matter but then took no action. Given these allegations, which I am required to accept as true at this stage, I am satisfied the case can proceed for now as to these three defendants.

However, the plaintiff may not proceed against defendants Milwaukee County Jail Employees, Milwaukee County Sheriff, or Armor Correctional Health Services, Inc. Under § 1983, for a defendant to be liable, he "must be personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations and internal quotations omitted). That is, for liability to attach, the individual defendant must have caused or participated in a constitutional violation. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). While plaintiff names a couple other people in his complaint, he does not list them in the caption *or* in the "claims" section of his complaint (where lists only Nurses Gonzalez, Kevin, and Aber). To the extent that plaintiff believes some or all of these defendants could be liable because they are supervisors, the personal responsibility requirement is satisfied if the constitutional deprivation occurs at the supervisor's direction or with the supervisor's knowledge and consent. *Id.* In other words, the supervisor "must know about the conduct and facilitate it, approve it,

condone it, or turn a blind eye." *Id.* (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Plaintiff has made no such allegations in his complaint—indeed, he makes no allegations against them at all—so the court will dismiss Milwaukee County Jail Employees, Milwaukee County Sheriff, and Armor Correctional Health Services, Inc.

Plaintiff also states that he wishes to bring a state law negligence/medical malpractice claim against Nurse Gonzalez, Nurse Kevin, and Nurse Aber. Federal courts hearing a federal cause of action may entertain state law claims by exercising supplemental jurisdiction over them, but only when the state and federal claims are part of one constitutional "case"; that is, they derive from a "common nucleus of operative fact" and would ordinarily be tried together. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *Bailey v. City of Chicago*, 779 F.3d 689 , 696 (7th Cir. 2015) (quoting *Groce v. Eli Lilly & Co.*, 193 F.3d 496 , 500 (7th Cir. 1999)); 28 U.S.C. § 1367.

Wisconsin law defines medical negligence as the failure of a medical professional to "exercise that degree of care and skill which is exercised by the average practitioner in the class to which he belongs, acting in the same or similar circumstances." *Sawyer v. Midelfort*, 227 Wis.2d 124, 149, 595 N.W.2d 423, 435 (1999); *Schuster v. Altenberg*, 144 Wis.2d 223, 229, 434 N.W.2d 159, 161-62 (1988). Like all claims for negligence, a claim for medical malpractice includes the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) harm to the plaintiff. *Paul v. Skemp*, 2001 WI 42 ¶ 17, 242 Wis.2d 507, 625 N.W.2d 860 (2001); *see also Gill v. Reed*, 381 F.3d 649, 658-59 (7th Cir. 2004). Thus, to establish a prima facie medical negligence claim, plaintiff must show that the defendants failed to use the required degree of skill exercised by an average provider, plaintiff was harmed and there is a causal connection between the provider's failure and plaintiff's harm. Wis. J-I Civil 1023. The court is satisfied that plaintiff's complaint, which alleges that the

7

nurses' failure to provide him prescribed medication resulted in significant pain, is sufficient to state a medical negligence claim against Nurse Gonzalez, Nurse Kevin, and Nurse Aber and that the claim arises out of the same set of facts as his constitutional claim such that exercising supplemental jurisdiction is appropriate.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without the prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Milwaukee County Jail Employees, Milwaukee County Sheriff, and Armor Correctional Health Services, Inc. are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from his institution trust account the $334.05 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income

8

credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

**IT IS FURTHER ORDERED** that this case be returned to United States Magistrate Judge Duffin for further proceedings.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[1] If plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court further advises plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Signed in Green Bay, Wisconsin, this 2nd day of October, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court