UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IVAN BOYD,

        Plaintiff,

  v.                                                                           Case No. 18-C-1006

NURSE GONZALEZ, NURSE KEVIN,
and NURSE ABER,

        Defendants.

## ORDER

        Plaintiff Ivan Boyd, who is representing himself, filed a civil rights complaint under 42 U.S.C. §1983. On October 3, 2018, the court screened his complaint. The court allowed him to proceed on an Eighth Amendment deliberate indifference to a serious medical need claim and a state law negligence claim against three of the defendants—Nurse Gonzalez, Nurse Kevin, and Nurse Aber. The court dismissed Milwaukee County Jail Employees, Milwaukee County Sheriff, and Armor Correctional Health Services. The plaintiff has now filed a motion for reconsideration, asking the court to allow him to proceed against additional defendants he did not list in the caption of his original complaint and to reconsider its decision to dismiss Armor because he would like to pursue them in their supervisory capacity.

        The court will deny the plaintiff's motion for reconsideration. Vacating an order—what the plaintiff refers to as reconsideration—under Rule 60(b) is permissible for several reasons including mistake, excusable neglect, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b). "Rule

60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005). What the plaintiff would like the court to reconsider are his own errors. He did not put any allegations about Armor in the body of his complaint; there was no way for the court to infer that he wanted to pursue Armor for not properly supervising its employees. With respect to adding deputies A. Korngiebel, B. Jackson, and R. Perez for not doing something to get him his medication, again, the plaintiff did not indicate that he wished to pursue claims against these defendants. The plaintiff has not shown any exceptional circumstance that would require his motion to be granted.

Though the court will deny his motion, the plaintiff can resolve his concerns by filing an amended complaint. The court is including a copy of the complaint form with this order. The court reminds the plaintiff that an amended complaint, if he chooses to file one, will take the place of the current complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of. Educ. of Franklin Park*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

**THEREFORE, IT IS ORDERED** that plaintiff's motion for reconsideration (ECF No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that this case be returned to United States Magistrate Judge Duffin for further proceedings.

Signed in Green Bay, Wisconsin, this 24th day of October, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court