UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IVAN BOYD,

        Plaintiff,

       v.                                        Case No. 18-CR-1006

NURSE GONZALEZ, et al.,

        Defendants.

## ORDER

Pro se plaintiff Ivan Boyd, an inmate in the Milwaukee County Jail, commenced this action on July 2, 2018, against several jail employees and medical personnel employed by Armor Correctional Health Services. Boyd claims that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment as a result of the defendants' failure to provide his prescribed medication. On August 29, 2019, Armor Correctional Health Services and their employees filed their motion for summary judgment, and on August 30, 2019, the jail defendants filed theirs. The motions each contained the required warnings to the plaintiff regarding when his response was due, and the rules governing how the response was to be made. Under the Local Rules a response to the motion for summary judgment is due within thirty days. On October 15, 2019, Boyd filed a motion for an extension of time to respond, as well as a motion to compel discovery. On November 12, 2019, he filed a motion to amend the complaint. For the reasons that follow, the latter motions will be denied, except that Boyd will be allowed one final chance to respond to the motions for summary judgment if he files his response on or before January 15, 2020.

The motion to compel and the motion to amend the complaint will be denied because Boyd has failed to comply with the Local Rules regarding the filing of such motions. With respect to the motion to compel discovery, Plaintiff's motion is not in compliance with Civil L.R. 37, which requires a good faith effort to obtain the discovery without court action. Furthermore, it appears that Plaintiff has not previously served on Armor his request for discovery, and in fact, the discovery being sought is overbroad and not relevant to the specific facts of Boyd's case. Boyd seeks records relating to other inmates who have made complaints against Armor. Boyd's case will rise or fall on the facts of his case, not some other case. Furthermore, rules governing the privacy of such records make such discovery almost impossible in this type of case.

With respect to the motion to amend the complaint, Boyd has failed to comply with Civil L.R. 15(b) which requires that the motion have as an attachment the proposed pleading. Furthermore, it is simply too late in the day to file an amended complaint, after discovery has been completed and motions for summary judgment have been filed. Accordingly, the motion to amend the complaint is denied as well.

Finally, with respect to Boyd's motion for an extension of time, he claimed that he was in need of more time to respond to the motion because he was in lockup, held in segregation. The fact that Boyd may not have access to a law library is not a good reason to extend time for summary judgment. Summary judgment rises or falls on whether or not there is a dispute of fact. Boyd knows the facts concerning his case. The court is familiar with the law and does not require Boyd to explain the legal basis of his claim so much as to indicate which facts asserted by the defendants are in dispute. Furthermore, Boyd's motion fails to indicate how long he was in segregation and even, at this late date, he has still failed to respond to the defendants' motions. Under these circumstances, his motion for an extension of time will be denied, except as follows.

Boyd will be allowed one final opportunity to respond to the defendants' motions on or before January 15, 2020. If he fails to file his responses by that time, the court will proceed to decide the motions on the record as it now stands.

SO ORDERED this this 19th day of December, 2019.

s/ William C. Griesbach<br>
William C. Griesbach, District Judge<br>
United States District Court