UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IVAN BOYD,

    Plaintiff,

    v.     Case No. 18-CV-1006

NURSE GONZALEZ, et al.,

    Defendants.

## ORDER

Pro se plaintiff Ivan Boyd, currently incarcerated at Redgranite Correctional Institute, commenced this action on July 2, 2018, against several jail employees and medical personnel employed by Armor Correctional Health Services. Motions for Summary Judgment were filed by Defendants Mikaela Aber, Armor Correctional Health Services, Inc., Nurse Gonzalez, and Kevin Thom on August 29, 2019, and Defendants Benjamin Jackson, Andrew Korngiebel, and Ricardo Perez on August 30, 2019. Plaintiff was granted an extension to October 29, 2019 to respond, but on October 15, 2019 he again requested an extension. Boyd was granted one final extension until January 15, 2020.

Boyd, including extensions, has had over four months to respond to Defendants' motions for summary judgment. The court noted that "[s]ummary judgment rises or falls on whether or not there is a dispute of fact. Boyd knows the facts concerning his case." Dkt. 70 at 2. The court further explained that since it is already familiar with the law, it did "not require Boyd to explain the legal basis of his claim so much as to indicate which facts asserted by the defendants are in dispute." *Id.* Boyd was cautioned that "[i]f he fails to file his response by that time, the court will proceed to decide the motion on the record as it now stands." *Id.* at 3. No responses to the motions for summary judgment have been filed and the time to do so has expired.

Boyd's failure to respond to Defendants' motions for summary judgment is itself grounds to grant their motions. *See* Civil L. R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the court to grant the motion."). Further, under Civil L. R. 41(c), "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice." And finally, because Boyd failed to respond, Defendants' Findings of Fact are uncontested and taken as true. For all of these reasons, Defendants' motions for summary judgment will be granted. Both because he failed to respond to Defendants' motions and because the undisputed facts establish Defendants are entitled to judgment as a matter of law, the motions are granted and all claims will be dismissed.

Boyd's claim is that for some four days, while he was temporarily housed in the Milwaukee County Jail as a material witness in another case, he did not receive his prescribed medication. He claims he had been prescribed amitriptyline and cyclobenzaprine three times a day as needed for pain after he suffered a severe head injury at the Wisconsin Secure Detention Facility (WSPF) approximately three months earlier. He claims the Armor Correctional Health Services nurses handing out medication at the jail failed to give him his nighttime dose of cyclobenzaprine on January 19 and January 20, his morning and nighttime doses on January 21, and his nighttime dose on January 22, 2018. He received both doses on January 23 and was returned to WSPF on January 24.

Even assuming the missing medications over a three- or four-day period could constitute cruel and unusual punishment, the undisputed facts establish that the Milwaukee County defendants had no responsibility for passing out medication and had no knowledge that Boyd was not getting the proper medication. They thus have no liability. As for the contract nurses working at the jail, the undisputed evidence establishes that they gave Boyd his medication in compliance with the medication orders they were given, except in a few cases where the medication was not

2

included on the medication cart. Their medication orders indicated that Boyd was to receive morning and afternoon does of cyclobenzaprine but not an evening dose. Although not every prescribed dose was given over the brief time in which he was held in the Milwaukee County Jail, Boyd at most had a headache as a result. At most, the evidence shows negligence in performing duties, not cruel and unusual punishment. And the undisputed facts fall far short of supporting a *Monell* claim against the nurses' employer. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). For this reason, as well, Boyd's federal claims will be dismissed.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants' motions for summary judgment, Dkt. Nos. 47 and 54 are **GRANTED** based upon Boyd's failure to oppose the motions.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** with prejudice based upon Boyd's failure to diligently prosecute the case. The Clerk is directed to enter Judgment.

Dated this __30th__ day of January, 2020.

s/ William C. Griesbach  
William C. Griesbach, District Judge  
United States District Court

---

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.